MARY T. RICHARDSON *vs.* JOHN RICHARDSON.

*Treble damages—tenants in common cannot recover of each other.*

A tenant in common of a life estate cannot recover treble damages under R. S., c. 95, § 5, for an injury to the common property.

ON REPORT.

This is an action brought by the widow of the late Richard

Richardson *v.* Richardson.

Richardson to recover treble damages for injuries said to have been done to a quarry owned by the decedent and the defendant in common at the time of the former's death. The heirs of Richard conveyed to his widow by deed all the rents, profits and income arising or accruing from the estate of her late husband, "including the due proportion of the stone quarry," during her natural life. The question was whether this gave her such title as to enable her to maintain this suit under R. S., c. 95, § 5 ; the disposition of the cause to be according to the construction given this statute.

*Wiswell & Wiswell* and *A. Merrill* for the plaintiff.

*Hale & Emery* for the defendant.

DANFORTH, J. The only question presented in this case is whether the plaintiff has such a tenancy in the premises described in her writ, as will enable her to maintain an action for treble damages under the provisions of R. S., c. 95, § 5.

As evidence of her title to the land she puts in two deeds, each conveying substantially the same interest, by which the grantors therein convey to her "during her natural life, any and all rents, profits and income that may arise or accrue" from the property in question, "including the due proportion of the rent of the stone quarry."

It may be assumed that these deeds give her a tenancy for life, they certainly can give her no greater.

The statute provides that, in certain enumerated cases of injury to the common property, "any joint tenant, coparcener, or tenant in common of undivided lands" causing the injury "shall forfeit three times the amount of damages." Such damages are to be recovered by a co-tenant.

It is thus seen that this statute is not only in derogation of the common law but is highly penal. It must therefore receive a strict construction; nothing can be implied that is not expressed. The meaning of the terms used can neither be extended nor diminished to express any supposed intention of the legislature in passing the act.

Upon reading the statute the first and most prominent idea received, and that which is the most natural meaning of the language used, is the mutual liability of the tenants. The one seeking a remedy apparently has an interest as extensive as the one committing the injury. All the tenants are contemplated as having similar interests or estates of the same nature in the land.

This being so, what must the nature or extent of that interest be to bring it within the statute? The words describing it are "tenants in common of undivided lands." This would seem almost necessarily to mean an ownership of the whole property. The word "lands" in this connection, unlimited and unqualified as it is, cannot without a too liberal construction be held to include a less estate than one of inheritance. If the legislature in a statute like this had intended to have included a less estate or a different one we should expect the use of such language as would have expressed such an intention. But we find no words referring to a life estate, or indicating that such, or any less estate was contemplated.

This construction is confirmed by the fact that in the previous sections of the same chapter a remedy is provided for similar injuries when done by the tenant for life.

But whatever of doubt as to the construction of this section may remain, it is removed by a provision in the latter part of it. The co-tenants suing can recover only their proportion of such damages; that is, such damages as may have arisen from the injuries previously enumerated. A tenant for life has an interest in the usual annual rents and profits only, while the statute refers only to such as accrue to the inheritance. Every injury enumerated may have been done to this land, and yet the life estate in no respect have suffered. As the damages are consequent upon the injury, where there is no injury there can be no damages.

If therefore the plaintiff has suffered no such injury as the statute contemplates, it is quite certain she can have no such remedy as is therein provided.          *Plaintiff nonsuit.*

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.